

FILED BY_____ D.C.
MAR 29 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>19-20036-CR-WILLIAMS(s)</u>
18 U.S.C. § 371
18 U.S.C. § 922(a)(6)
18 U.S.C. § 922(a)(1)
18 U.S.C. § 2339B(a)(1)
18 U.S.C. § 2
18 U.S.C. § 924(a)(2)
18 U.S.C. § 924(d)(1)
18 U.S.C. § 981(a)(1)(C), (G)
21 U.S.C. § 853

UNITED STATES OF AMERICA,

vs.

FRANCISCO JOSEPH ARCILA RAMIREZ,

    **Defendant.**
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At times material to this Superseding Indictment:

1. The Bureau of Alcohol, Tobacco, and Firearms and Explosives ("ATF"), an agency of the United States Department of Justice, administered and enforced laws and regulations pertaining to the acquisition and disposition of firearms.

2. A Federal Firearms Licensee ("FFL") is a business licensed under Chapter 44 of Title 18, United States Code, to engage in the business of dealing of firearms. Before an FFL could sell a firearm to any person, the firearms dealer and buyer must complete an ATF Form 4473. The ATF Form 4473 asks the buyer: "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: You are not the actual buyer if you are acquiring the firearm(s) on

behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you."

3. In some instances, "straw-purchasers" are employed to falsely claim on the ATF Form 4473 that they are buying the firearms for themselves, when in fact, they are purchasing the firearms on behalf of another. In this way, "straw-purchasers" conceal the identity of the true purchaser of the firearm. Firearms purchased by "straw-purchasers" are often purchased in cash to further conceal the true buyer and source of funds.

4. At all relevant times to this Superseding Indictment, defendant **FRANCISCO JOSEPH ARCILA RAMIREZ ("ARCILA")** did not have a Federal license to import, manufacture or deal in firearms.

## COUNT ONE
### Conspiracy to Illegally Deal Firearms
### (18 U.S.C. § 371)

1. The General Allegations section of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around January 2018, through in or around August 2018, in Miami Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRANCISCO JOSEPH ARCILA RAMIREZ,**

did knowingly and with intent to further the object of the conspiracy, combine, conspire, confederate, and agree with James Smith ("SMITH"), Gregory Fernando Ortega ("ORTEGA"), and others, known and unknown to the Grand Jury, to commit offenses against the United States, that is:

(A) in connection with the acquisition of any firearm, from a licensed dealer, to

knowingly make any false and fictitious oral and written statement, intended and likely to deceive such dealer with respect to any fact material to the lawfulness of the sale, in violation of Title 18, United States Code, Section 922(a)(6); and

(B) to willfully engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

## PURPOSE OF THE CONSPIRACY

It was the purpose of the conspiracy to illegally purchase firearms, through the use of straw-purchasers, and to transport the firearms outside the United States for resale to foreign customers in Colombia.

## MANNER AND MEANS

The manner and means by which the co-conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

1. SMITH and ORTEGA acted as straw-purchasers and illegally purchased firearms in the Southern District of Florida on behalf of co-conspirator **ARCILA**.

2. During these firearms purchases, SMITH and ORTEGA knowingly made false statements and representations when they executed the ATF Form 4473, stating the firearms were for themselves, when in fact they were being purchased on behalf of co-conspirator **ARCILA** for foreign resale in Colombia.

3. Defendant **ARCILA** paid for the firearms purchases made by co-conspirators SMITH and ORTEGA and paid them additional money as a fee for serving as "straw purchasers."

4. Prior to the foreign transportation of the firearms from the United States, members of the conspiracy concealed the firearms in air compressors. Once the foreign

3

transportation was complete, the firearms were removed from the air compressors for resale in Colombia.

## OVERT ACTS

In furtherance of the conspiracy and to effect its purpose and object, at least one of the co-conspirators committed, and caused to be committed, in the Southern District of Florida, at least one of the following overt acts:

1. On or about April 24, 2018, ORTEGA purchased four (4) Glock 9mm caliber semi-automatic pistols from an FFL in Miami Dade County, in the Southern District of Florida.

2. During the firearms purchase of on or about April 24, 2018, ORTEGA falsely stated on ATF Form 4473 that he was the actual buyer of the firearms, when in fact, ORTEGA knew he was buying the firearms for co-conspirator **ARCILA**.

3. After the firearms purchase of on or about April 24, 2018, defendant ORTEGA transferred the four (4) Glock 9mm caliber semi-automatic pistols to co-conspirator **ARCILA**.

4. On or about August 16, 2018, SMITH purchased four (4) Draco 7.62mm caliber semi-automatic pistols and two (2) Zastava 7.62mm caliber semi-automatic pistols from an FFL in Miami Dade County, in the Southern District of Florida.

5. During the firearms purchase of on or about August 16, 2018, SMITH falsely stated on ATF Form 4473 that he was the actual buyer of the firearms, when in fact, SMITH knew he was buying the firearms for co-conspirator **ARCILA**.

6. After the firearms purchase of on or about August 16, 2018, SMITH and ORTEGA transferred the four (4) Draco 7.62mm caliber pistols and two (2) Zastava 7.62mm caliber semi-automatic pistols to co-conspirator **ARCILA**.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### False Statements in Connection with Acquisition of Firearms
### (18 U.S.C. §§ 922(a)(6) and 2)

1. The General Allegations section of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about April 24, 2018, in Miami Dade County, in the Southern District of Florida, the defendant,

**FRANCISCO JOSEPH ARCILA RAMIREZ,**

did knowingly make, and aided and abetted in making, a false written statement to a federally licensed firearms dealer in connection with the purchase of four (4) firearms, which statement was intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale and other disposition of such firearms, in that ORTEGA stated on ATF Form 4473 that he was the actual buyer of the firearms, when in truth and in fact, and as ORTEGA then and there well knew, he was buying the firearms for defendant **ARCILA**, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

## COUNT THREE
### False Statements in Connection with Acquisition of Firearms
### (18 U.S.C. §§ 922(a)(6) and 2)

1. The General Allegations section of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about June 5, 2018, in Miami Dade County, in the Southern District of Florida, the defendant,

**FRANCISCO JOSEPH ARCILA RAMIREZ,**

did knowingly make, and aided and abetted in making, a false written statement to a federally licensed firearms dealer in connection with the purchase of two (2) firearms, which statement was intended and likely to deceive the dealer with respect to a fact material to the lawfulness of

the sale and other disposition of such firearms, in that ORTEGA stated on ATF Form 4473 that he was the actual buyer of the firearms, when in truth and in fact, and as ORTEGA then and there well knew, he was buying the firearms for defendant **ARCILA**, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

## COUNT FOUR
### False Statements in Connection with Acquisition of Firearms
### (18 U.S.C. §§ 922(a)(6) and 2)

1. The General Allegations section of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about June 5, 2018, in Miami Dade County, in the Southern District of Florida, the defendant,

**FRANCISCO JOSEPH ARCILA RAMIREZ,**

did knowingly make, and aided and abetted in making, a false written statement to a federally licensed firearms dealer in connection with the purchase of four (4) firearms, which statement was intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale and other disposition of such firearms, in that SMITH stated on ATF Form 4473 that he was the actual buyer of the firearms, when in truth and in fact, and as SMITH then and there well knew, he was buying the firearms for defendant **ARCILA**, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

## COUNT FIVE
### False Statements in Connection with Acquisition of Firearms
### (18 U.S.C. §§ 922(a)(6) and 2)

1. The General Allegations section of this Superseding Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. On or about August 16, 2018, in Miami Dade County, in the Southern District of Florida, the defendant,

6

**FRANCISCO JOSEPH ARCILA RAMIREZ,**

did knowingly make, and aided and abetted in making, a false written statement to a federally licensed firearms dealer in connection with the purchase of six (6) firearms, which statement was intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale and other disposition of such firearms, in that SMITH stated on ATF Form 4473 that he was the actual buyer of the firearms, when in truth and in fact, and as SMITH then and there well knew, he was buying the firearms for defendant **ARCILA**, in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2) and 2.

## COUNT SIX
**Dealing in Firearms Without a License**
**(18 U.S.C. § 922(a)(1)(A) and 2)**

From in or around April 2018, through in or around August 2018, in Miami Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRANCISCO JOSEPH ARCILA RAMIREZ,**

did knowingly and willfully engage in the business of dealing in firearms without being licensed to do so under the provisions of Title 18, United States Code, Chapter 44, in violation of Title 18, United States Code, Section 922(a)(1)(A) and Section 2.

## COUNT SEVEN
**Conspiring to Provide Material Support to a**
**Foreign Terrorist Organization**
**(18 U.S.C. § 2339B(a)(1))**

From in or around August 2018, through on or about January 11, 2019, in Miami Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRANCISCO JOSEPH ARCILA RAMIREZ,**

did knowingly combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to knowingly provide material support and resources, as that term is defined in

7

Title 18, United States Code, Section 2339A(b), including property, weapons, firearm parts and components, and services, to a foreign terrorist organization, that is, the National Liberation Army (the "ELN"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing that the ELN was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that the ELN engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of the INA), and that the ELN engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989); all in violation of Title 18, United States Code, Section 2339B(a)(1).

## COUNT EIGHT
### Provision of Material Support to a Foreign Terrorist Organization
### (18 U.S.C. § 2339B(a)(1))

From in or around August 2018, through on or about January 11, 2019, in Miami Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FRANCISCO JOSEPH ARCILA RAMIREZ,**

and others known and unknown to the Grand Jury, did knowingly provide and attempt to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b), including property, weapons, firearm parts and components, and services, to a foreign terrorist organization, that is, the National Liberation Army (the "ELN"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing that the ELN was a designated foreign terrorist organization (as defined in Title 18, United States Code, Section 2339B(g)(6)), that the ELN engages and has engaged in terrorist activity (as defined in section 212(a)(3)(B) of

8

the INA), and that the ELN engages and has engaged in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989), in violation of Title 18, United States Code, Sections 2339B(a)(1) and 2.

## FORFEITURE ALLEGATIONS

1.  The allegations of this Superseding Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **FRANCISCO JOSEPH ARCILA RAMIREZ**, has an interest.

2.  Upon conviction of a violation of Title 18, United States Code, Section 371, Title 18, United States Code, Section 922(a)(6), or any violation of any other criminal law of the United States, as alleged in this Superseding Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), any firearm or ammunition involved in or used in the commission of such offense.

3.  Upon conviction of a violation of Title 18, United States Code, Section 2339B(a)(1), as alleged in this Superseding Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, and pursuant to Title 18, United States Code, Section 981(a)(1)(G), all assets, foreign or domestic: (i) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism against the United States, citizens or residents of the United States, or

9

their property; (iii) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property; or (iv) of any individual, entity, or organization engaged in planning or perpetrating any act of international terrorism (as defined in section 2331) against any international organization (as defined in section 209 of the State Department Basic Authorities Act of 1956 (22 U.S.C. 4309(b)) or against any foreign Government.

All pursuant to Title 18, United States Code, Sections 924(d)(1), 981(a)(1)(C) and (G), as made applicable by Title 28, United States Code, Section 2461, and the procedures set forth at Title 21, United States Code, Section 853.

A TRUE BILL.

_____
FOREPERSON

FOR ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

MICHAEL R. SHERWIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA            CASE NO.    19-20036-CR-Williams (s)

vs.

FRANCISCO JOSEPH ARCILA RAMIREZ,            CERTIFICATE OF TRIAL ATTORNEY*

**Defendant.**
_____/    **Superseding Case Information:**

**Court Division**: (Select One)

New Defendant(s)  Yes ____  No  X
Number of New Defendants  ____
Total number of counts    8

Miami  X    Key West ____
FTL ____    WPB ____    FTP ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)    Yes
   List language and/or dialect    Spanish

4. This case will take    5    days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   I    0 to 5 days      X            Petty    ____
   II   6 to 10 days    ____          Minor    ____
   III  11 to 20 days   ____          Misdem.  ____
   IV   21 to 60 days   ____          Felony    X
   V    61 days and over ____

6. Has this case been previously filed in this District Court?    No     (Yes or No)
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    Yes    (Yes or No)
   If yes:
   Magistrate Case Nos.                 19-mj-02034-CMM (Arcila)
   Related Miscellaneous numbers:
   Defendant(s) in federal custody as of    1/11/19 (Arcila)
   Defendant(s) in state custody as of
   Rule 20 from the District of

   Is this a potential death penalty case?    No    (Yes or No)

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    ____Yes    X    No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    ____Yes    X    No

                                           _____
                                           MICHAEL SHERWIN
                                           ASSISTANT UNITED STATES ATTORNEY
                                           Court No. A5501230

Penalty Sheet(s) attached                                              REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** FRANCISCO JOSEPH ARCILA RAMIREZ

**Case No:** 19-20036-CR-Williams (s)

Count#: 1

Conspiracy to Illegally Deal Firearms

Title 18, United States Code, Section 371

**\* Max. Penalty:** 5 Years' Imprisonment

Counts#: 2-5

False Statements in Connection with Acquisition of Firearms

Title 18, United States Code, Sections 922(a)(6)

**\* Max. Penalty:** 10 Years' Imprisonment

Count#: 6

Dealing in Firearms without a License

Title 18, United States Code, Sections 922(a)(1)(A)

**\*Max. Penalty:** 5 Years' Imprisonment

Count#: 7

Conspiring to Provide Material Support to a Designated Foreign Terrorist Organization

Title 18, United States Code, Section 2339B(a)(1)

**\*Max. Penalty:** 20 Years' Imprisonment

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** FRANCISCO JOSEPH ARCILA RAMIREZ

**Case No:** 19-20036-CR-Williams (s)

Count#: 8

Provision of Material Support to a Designated Foreign Terrorist Organization

Title 18, United States Code, Section 2339B(a)(1)

**\*Max. Penalty:** 20 Years' Imprisonment